STATE OF MAINE
WASHINGTON, ss.

SUPERIOR COURT
DOCKET NO. CR-18-41

STATE OF MAINE     )
     )
     )
     )
v.     )    **Order on Defendant's Motion to Suppress**
     )
     )
JASON JACKSON,     )
     )
Defendant.     )

Defendant filed a motion to suppress on June 19, 2018 that broadly argued statements he made should be suppressed pursuant to the 4th, 5th, 6th, and 14th amendments of the United States Constitution and Article I, section 6 of the Maine Constitution. Specifically, the motion stated that "Mr. Jackson was repeatedly engaged in conversation, without the benefit of Miranda warnings, by the police while he was held at gunpoint." (Def.'s Mot. Supp.)

The Court heard evidence at a suppression hearing held on November 5, 2018, at which Defendant presented two arguments in support of his motion. First, Defendant argued the statements he made during the standoff violated his *Miranda* rights. Second, and for the first time, Defendant raised the argument at the hearing that statements he made after he was arrested should be suppressed. With respect to the first argument, the Court heard from Marine Patrol Officer Matthew Carter, the officer who had been present during the standoff and had discharged his firearm during the course of it. The State did not present evidence regarding statements made after Defendant's arrest.

In argument following the close of evidence, the State asserted it had been unable to prepare for the second argument because that ground for suppression had not been

1

articulated in Defendant's written motion. Defendant argued in response that the post-arrest statements should be suppressed because the State had not met its burden. For the reasons stated below, the motion as it pertains to the statements made during the standoff is DENIED and leave is GRANTED for Defendant to file a further motion to suppress.

### Facts

An armed robbery was reported to have occurred in East Machias on December 9, 2017. Defendant was suspected of having committed the robbery and all area officers were put on notice to be on the lookout for the vehicle he drove. Following the alleged robbery, Officer Carter was called to respond to 33 Cornhill Road in Machiasport because there was information that Mr. Jackson was inside the house.

Once at the location, Officer Carter entered the residence, where he saw Mr. Jackson and Mr. Jackson's ex-girlfriend. Officer Carter had been advised Defendant was armed. He testified he believed he had probable cause to arrest Mr. Jackson and it was his intent to do so.

Once the officer entered the house, he observed Mr. Jackson was holding a revolver in his right hand. Officer Carter testified that Mr. Jackson waved the revolver around, pointed it at Officer Carter, and was generally out of control. Officer Carter testified that Mr. Jackson made statements during the standoff about the earlier reported robbery. Officer Carter further testified that during this encounter Mr. Jackson was not free to leave the residence or to go to Crisis. Roughly forty minutes after he began speaking with Mr. Jackson, Officer Carter fired his service weapon and hit both Mr. Jackson and Mr. Jackson's ex-girlfriend. Officer Carter never read Mr. Jackson his *Miranda* rights.

Officer Carter was not present for statements made after the shooting and arrest.

2

## Analysis

### 1. Statements Made During the Standoff

Defendant contends that statements he made during the standoff should be suppressed because they were made without a *Miranda* warning and because, during the standoff, "[Defendant] was not free to leave, and in custody tantamount to arrest." (Def.'s Mot. Supp.) The Court disagrees.

Circumstances similar to those presented in this case were considered in *State v. Leonard*, in which the Law Court found that statements made during a standoff were admissable because the defendant had not been in custody at the time they were made. 2002 ME 125, ¶ 10, 802 A.2d 991. In *Leonard*, the State had probable cause to question the defendant about a robbery. *Id.* ¶ 11. Once the State entered his property, a standoff ensued. ¶ 4. The Law Court reasoned that,

> Certainly, during the stand-off, [Defendant] was not free to leave. Just as certainly, he was not in the custody and control of the police. They were trying to take him into custody, but he was resisting. The statements that [Defendant] made and the actions that he took during the stand-off, prior to his seizure by the police, were not statements made during a custodial interrogation. No *Miranda* warning was needed.

*Id.* ¶ 10 (internal citation omitted).

In the case now before the Court, as in *Leonard*, Officer Carter had probable cause to question Defendant when he arrived at the house. A standoff then ensued during which Defendant made statements. Pursuant to the Law Court's analysis in *Leonard*, Mr. Jackson was not in custody during the standoff. The Court must therefore deny Defendant's motion to suppress as it pertains to statements made during the standoff.

### 2. Statements Made After the Arrest

At hearing, Defendant argued that statements he made after he was arrested should be suppressed. The first such statement was made immediately after the shooting.

3

Defendant made further statements to a nurse at the hospital, the day after he was arrested, which were overheard by a law enforcement officer. As noted at the outset, the State was unable to present evidence concerning these statements.

Defendant's written motion was articulated so as seemingly to limit his argument to statements he had made during the standoff. Although the State does have the burden to prove beyond a reasonable doubt that statements made while in custody are voluntary, *State v. McNaughton*, 2017 ME 173, ¶ 34, 168 A.3d 807, a defendant challenging the use of evidence does have an obligation to identify with some degree of specificity the basis for his challenge. *See State v. Desjardins*, 401 A.2d 165, 169 (Me. 1979) ("The suppression movant must articulate in his motion was sufficient particularity the specific reason on which he basis his claim that the seizure without warrant was illegal . . . ."); *State v. Reynoso-Hernandez*, 2003 ME 19, ¶ 8, 816 A.2d 826 ("it is incumbent on the defendant to identify with specificity the exact document or conduct challenged in any motion to suppress. Absent that specificity, the motion court will be hampered in its ability to assign a burden of proof and apply the law accordingly."). Here, Defendant did not articulate with any specificity his challenge to statements made after the arrest or at the hospital.

Because of the irregular manner in which Defendant's evidentiary challenges have developed, the Court will entertain a second motion that identifies with specificity any further suppression issues Defendant seeks to address. Any such motion must be filed on or before December 14, 2018.

> Based on the foregoing, Defendant's Motion to Suppress statements made during the standoff is DENIED.
>
> Defendant may file a second motion to suppress on or before December 14, 2018. If no such motion is filed, any further arguments Defendant raised at hearing will be deemed WAIVED.
>
> The Clerk may incorporate this Order upon the docket by reference pursuant to M.R.U. Crim. P. 53(a).

4

Dated: November 30, 2018

The Hon. Bruce C. Mallonee
Justice, Maine Superior Court